IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMY G. and GARY G., individually and as guardians of A.G., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE, UNITED BEHAVIORAL HEALTH, and the GEICO CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN,<br><br>Defendants. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:17-CV-00427-BSJ<br><br>District Judge Bruce S. Jenkins |

## **INTRODUCTION**

Plaintiffs Amy G. and Gary G. (collectively "Plaintiffs") and Defendants United Healthcare, United Behavioral Health, and the GEICO Corporation Consolidated Welfare Benefit Plan (collectively "Defendants") filed and fully briefed cross motions for summary judgment.[1] The motions came before the court for hearing on May 2, 2018. Brian King appeared on behalf of Plaintiffs. Timothy Branson appeared on behalf of Defendants. On May 7, 2018, the court requested supplemental briefing from the parties,[2] which the parties provided.[3]

Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the court find that Defendants' denial decision regarding residential

---

[1] *See* Mot. for Summ. J. and Mem. in Supp., filed March 26, 2018 (CM/ECF No. 25); Defs.' Motions and Supporting Mem. for Summ. J. and for J. on the Pleadings, filed March 26, 2018 (CM/ECF No. 24).

[2] *See* Notice, filed May 7, 2018 (CM/ECF No. 38).

[3] *See* Defs.' Suppl. Br. in Further Supp. of Their Mot. for Summ. J., filed May 17, 2018 (CM/ECF No. 40); Pls.' Suppl. Mem., filed May 17, 2018 (CM/ECF No. 41).

treatment center benefits was reasonable under an arbitrary and capricious standard of review, and the court hereby GRANTS Defendants' motion for summary judgment.[4]

## BACKGROUND

The following briefly outlines the pertinent undisputed facts in this action, drawn from the parties' summary judgment briefing:

- GEICO Corporation is the Plan Sponsor of The Medical, Dental and Vision Care Plan (the "Plan"), a self-funded welfare plan under the GEICO Consolidated Plan.

- The Claims Administrator for the Plan is United HealthCare Services, Inc. and its affiliates, including United Behavioral Health ("collectively United"), which makes coverage determinations for mental health and substance abuse.

- A.G., the minor son of Amy G. and Gary G., is a beneficiary of the Medical Plan.

- Discovery Ranch is a residential treatment center. Before A.G.'s admission to Discovery Ranch on April 9, 2015, where he would stay for the next 16 months, his father on March 5, 2015, and then his mother on April 7, 2015, called United seeking benefit information, which was provided. United advised Amy G. that Discovery Ranch was an out-of-network facility, and that she must obtain prior authorization for the admission.

- Discovery Ranch requested prior authorization from United on April 10, 2015.

    o Craig from Discovery Ranch, a Master's level provider, spoke with Monica Vanek from United, a licensed professional counselor. Ms. Vanek recorded a variety of information regarding A.G., including the absence of current and past suicidal/homicidal ideation or attempts, self-injurious behavior, violence toward others, substance abuse, psychosis, or any report of problems with eating, sleeping and self-care. She also recorded that he was alert, oriented to his situation, depressed, with a little mania, high energy, constantly talking, no delusions or hallucinations, with impulsivity, hopelessness and ADD. She advised that she could not authorize the admission to Discovery Ranch, but would refer the matter to a United physician reviewer.

---

[4] The court notes that while Plaintiffs' Complaint alleges that Defendants' actions constitute a violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), Plaintiffs abandoned such allegations at the May 2, 2018 hearing. Therefore, the court will not address the issue further.

2

- On April 11, 2015, Dr. Thomas A. Blocher, M.D., United Associate Medical Director, reviewed the matter, and Discovery Ranch was advised that day that the request for prior authorization was denied.

- On April 13, 2015, Dr. Blocher communicated such denial to A.G.'s parents by letter, stating, in part, as follows:

  > Your son admitted for treatment of depression associated with family conflict. After talking with your doctor, it is reported that your child has made progress and no longer needs the type of care and services provided in this setting. He was not a danger to himself or others. He was cooperative with the medications and cooperating with the doctors. His behavior was under good control. He did not require 24 hour nursing care. There have been no aggressive, aberrant, or self-harming behaviors.
  >
  > Based on the Optum Level of Care Guideline for the Mental Health Residential Treatment Center Level of Care, it is my determination that no authorization can be provided from 04/09/2015 and forward.
  >
  > Our decision was based on clinical guidelines. The guidelines used for the decision are based on the following:
  >
  > - American Association of Community Psychiatrists. (2010). Level of Care Utilization System for Psychiatric and Addiction Services, Adult Version.
  > - American Academy of Child and Adolescent Psychiatry. (2001). Child and Adolescent Service Intensity Instrument, Child and Adolescent Care and Utilization System, Version 1.5.[5]

- On September 29, 2015, A.G.'s parents appealed United's denial, arguing that the denial rationale indicated that United had not properly utilized the relevant guidelines. Specifically, A.G.'s parents contended that the denial rationale that A.G. was not "a danger to himself or others," was contrary to the admission criterion, which requires that the patient not be a threat to self or others.

- By letter dated October 9, 2015, United, specifically, Rakesh J. Desai, M.D., Associate Medical Director, resolved the appeal from A.G.'s parents and upheld the denial of authorization for coverage for A.G.'s admission to Discovery Ranch. The appeal denial letter states, in part, as follows:

---

[5] UI149-UI150.

3

> After fully investigating the substance of the appeal/grievance, including all aspects of clinical care involved in this treatment episode, I have determined that benefit coverage is not available for the following reason(s):
>
> Based on the UBH Level of Care Guideline for the Mental Health Residential Treatment Center Level of Care, it is my determination that no authorization can be provided from 4/09/2015 forward.
>
> Your child was admitted for treatment of depression, mood instability and family conflict. After reviewing the case notes, it is noted that your child's condition did not meet Guidelines for coverage of treatment in this setting. Your child was no [sic] at risk of harm to self or others. Your child was not aggressive and had not been engaging in any self-injurious behaviors immediately prior to admission. Your child could have continued care in the Mental Health Outpatient setting with medication monitoring, individual and family therapy.[6]

- By letter dated April 1, 2016, A.G.'s parents requested an "independent external review of [A.G.'s] residential treatment claims from Discovery Ranch by an Independent External Review Organization."[7]

- By letter dated April 12, 2016, United confirmed to A.G.'s parents that their appeal was eligible for external review, and would be sent to an "assigned Independent External Review Organization."[8]

- The independent review organization ("IRO") selected to review the external appeal was Advanced Medical Reviews ("AMR"), which is accredited in external review by the Utilization Review Accreditation Commission. AMR engaged a licensed physician reviewer, board certified in Psychiatry, Psychiatry Child & Adolescent, to review the case.

- By letter dated May 18, 2016, AMR and its physician reviewer upheld United's denial of authorization for A.G.'s residential treatment at Discovery Ranch, concluding that "based on the evidence-based literature, for each of the dates 4/9/15 forward, the length of stay and level of care was not

---

[6] UI2-UI3.

[7] UI227.

[8] UI821-UI822.

4

medically necessary." Instead, the AMR physician concluded that a lower level of care was appropriate, specifically a partial hospitalization program.[9]

- On May 18, 2017, A.G.'s parents filed the present action seeking coverage for A.G.'s sixteen-month stay at Discovery Ranch.[10]

## DISCUSSION

A. <u>The IRO's External Review Decision Affirming Denial of Coverage is Not Binding</u>

After exhausting internal appeals, the Plan provides Plaintiffs with the option of requesting a voluntary external review to be performed by an Independent Review Organization ("IRO").[11] The Plan states in relevant part as follows:

> Upon receipt of a Final External Review Decision reversing UnitedHealthcare determination, the Plan will immediately provide coverage or payment for the benefit claim at issue in accordance with the terms and conditions of the Plan, and any applicable law regarding plan remedies. If the Final External Review Decision is that payment or referral will not be made, the Plan will not be obligated to provide Benefits for the health care service or procedure.[12]

In the present case, Defendants contend that the external review decision of AMR—wherein AMR determined that A.G's residential treatment at Discovery Ranch was not medically necessary—is dispositive and binding on Plaintiffs under the terms of the Plan.[13]

While the language of other plan documents in other actions might dictate that a voluntary external review decision is binding on a claimant, the court finds the relevant Plan language in the present case does not warrant such an outcome. The Plan is devoid of any

---

[9] UI182-UI185.

[10] *See* Complaint, filed May. 18, 2017 (CM/ECF No. 2).

[11] UI913-UI919.

[12] UI915.

[13] *See* Defs.' Motions and Supporting Mem. for Summ. J. and for J. on the Pleadings, filed March 26, 2018 (CM/ECF No. 24) at 13-16.

explicit language stating that, by electing to utilize the external review process, a claimant is contractually precluded from filing a claim in federal court. Instead, the Plan contemplates that a claimant *may* permissibly choose to file a federal action after exhausting internal and external review remedies. The Plan states as follows:

> **If a Member has exhausted all available internal appeal rights described in Section 6, the Member may file a lawsuit in state or federal court to recover Benefits.** Any lawsuit by a Member against a Claims Administrator, the Medical Program, the Dental Program, the Plan Administrator, the Plan, the Plan Sponsor, or the Group must be commenced within one (1) year from the date the Member received a final Appeal Decision from a Claims Administrator **or, if applicable, a final External Review decision from an Independent Review Organization.**[14]

As "ERISA § 502(a)(1)(B) authorizes a plan participant to bring suit 'to recover benefits due to him *under the terms of his plan,* to enforce his rights *under the terms of the plan,* or to clarify his rights to future benefits *under the terms of the plan,*'"[15] and as the court finds that the terms of the Plan in the present case allows claimants to file actions in federal court following an adverse external review decision, the court finds Plaintiffs are not prevented by AMR's external review decision from filing the instant action.

B. <u>The Arbitrary and Capricious Standard is the Appropriate Standard of Review</u>

The court is to review a denial of ERISA benefits challenged under 29 U.S.C. § 1132(a)(1)(B) "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[16] Where an ERISA plan gives the administrator such discretion, the court reviews the

---

[14] UI919 (emphasis added).

[15] *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 571 U.S. 99, 108 (2013) (emphasis in original) (quoting 29 U.S.C. § 1132(a)(1)(B)).

[16] *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).

6

decision under an arbitrary and capricious standard.[17] "In applying the arbitrary and capricious standard, the decision will be upheld so long as it is predicated on a reasoned basis."[18] In the present case, it is undisputed that United has discretionary authority under the Plan.[19]

Plaintiffs argue that the court should reduce the deferential standard applied to reviewing United's Plan decision because of alleged procedural irregularities in United's compliance with the requirements of ERISA.[20] The court finds Plaintiffs' arguments unpersuasive, as the procedural irregularities alleged do not rise to the level as to "leave the court with serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim."[21]

Thus, the court finds that the arbitrary and capricious standard is the appropriate standard of review.

C. <u>United's Denial of Benefits was Reasonable</u>

As previously indicated, "[i]n applying the arbitrary and capricious standard, the decision will be upheld so long as it is predicated on a reasoned basis."[22] Under the arbitrary and capricious standard, United's denial decision will be upheld—even if it is not the only logical

---

[17] *See Adamson v. Unum Life Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006).

[18] *See id.* (citing *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir. 1999)).

[19] *See* Mot. for Summ. J. and Mem. in Supp., filed March 26, 2018 (CM/ECF No. 25) at 22-23; Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., filed April 26, 2018 (CM/ECF No. 33) at 1.

[20] *See* Mot. for Summ. J. and Mem. in Supp., filed March 26, 2018 (CM/ECF No. 25) at 22-27; Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., filed April 26, 2018 (CM/ECF No. 33) at 7-8.

[21] *Johnson v. United of Omaha Life Ins. Co.*, 775 F.3d 983, 988 (8th Cir. 2014) (internal quotation marks omitted); *see also M.K. v. Visa Cigna Network POS Plan*, 628 F. App'x 585, 591 n.3 (10th Cir. 2015) (citing *Johnson v. United of Omaha Life Ins. Co.*).

[22] *See Adamson v. Unum Life Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006) (citing *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir. 1999)).

decision or even the best decision—so long as United's denial decision "resides 'somewhere on a continuum of reasonableness—even if on the low end.'"[23]

The court finds United's denial decision was not arbitrary and capricious. The Plan provides coverage for mental health services at a residential treatment facility that are Covered Health Services.[24] Under the Plan, Covered Health Services are those that meet several criteria, including that they are services which the administrator determines to be medically necessary.[25] To be medically necessary, the services must be "clinically appropriate, in terms of type, frequency, extent, site and duration[.]"[26] In United's initial denial letter, the primary basis for denial was that Plaintiff's son had made progress and no longer needed the type of care and services provided in a 24 hour residential treatment center.[27] The initial denial letter stated that A.G. could continue care in the mental health outpatient setting.[28] This determination was reinforced in United's second denial letter in response to Plaintiffs' appeal, in which United stated that Plaintiffs' son "could have continued care in the Mental Health Outpatient setting with medication monitoring, individual and family therapy."[29] The court finds that such determination was not arbitrary and capricious. Several health care professionals reviewed Plaintiffs' request for residential treatment benefits and found that no authorization could be provided. And indeed, the external review performed by an additional health care professional similarly determined that treatment at a residential treatment facility was not appropriate, as

---

[23] See id. (quoting *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir. 1999)).

[24] See UI856, UI870.

[25] See UI 932.

[26] See UI 936.

[27] See UI149.

[28] See UI150.

[29] See UI3.

A.R.'s clinical status did not require 24-hour care.[30] Defendants have cited to sufficient evidence in the record to support these determinations.

Plaintiffs argue that part of United's justification for its denial decision—i.e., that A.G. was not at risk of harm to himself or others—is inconsistent with United's Level of Care Guidelines for residential treatment centers, which identifies as an admission criteria the requirement that "[t]he member is not in imminent or current risk of harm to self, others, and/or property."[31] However, while a lack of *imminent* or *current* risk of harm is necessary—but not sufficient—for coverage of treatment at a residential treatment center under the Level of Care Guidelines, the court finds nothing preventing United from considering the absence of *any* risk of harm in its determination of whether other criteria in the Level of Care Guidelines—i.e., the requirement that "[t]he 'why now' factors leading to admission cannot be safely, efficiently or effectively assessed and/or treated in a less intensive setting"—has been satisfied.[32]

As such, the court finds that United's denial determination was reasonable and should be upheld under an arbitrary and capricious standard.

---

[30] *See* UI184.

[31] *See* UI734.

[32] *See id.*

## CONCLUSION

For the reasons discussed above, the court hereby GRANTS Defendants' summary judgment motion.

IT IS SO ORDERED.

DATED this 21st day of May, 2018.

Bruce S. Jenkins
United States Senior District Judge